UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWIGHT D. CLARK,**

    **Plaintiff,**

    v.

**FRANKLIN COUNTY COURT
OF COMMON PLEAS,** *et al.***,**

    **Defendants,**

Civil Action 2:16-cv-382
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, David K. Smith, an Ohio inmate who is proceeding without the assistance of counsel, brings this action naming the Franklin County Court of Common Pleas; Ron O'Brien, the Franklin County Prosecuting Attorney; and Laura R. Swisher, a state prosecutor, as Defendants.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action for failure to state a claim upon which relief can be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2).  (ECF Nos. 1.)  Plaintiff's

motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he currently possesses the sum of thirty cents in his prison account, which is insufficient to pay the full filing fee. His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $10.42. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate No. A716972) at Southern Ohio Correctional Facility is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison

cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1]Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

As best the Court can discern from Plaintiff's Complaint, he seeks to assert a civil action for money damages against Defendants for wrongful imprisonment, which he attributes to the decision of the Franklin County Court of Common Pleas to deny him jail-time credit. He alleges that Defendants O'Brien and Swisher are liable because they opposed his request for jail-time credit.

> The entirety of Plaintiff's Complaint provides as follows:
>
> Eight Amendment violated after the Franklin County Court of Common Please ordered I be falsely imprisoned by failing to observe the Equal protection right owed to me by the U.S. Constitution and award me jail-time credit earned in the sentence later imposed by the municipality.
>
> Fourteenth Amendment violated after Ron O'Brien the Franklin County prosecutor appointed and ordered assistant prosecuting attorney Laura R. Swisher to oppose my lawful and valid request for the credit to be awarded depriving me of life and liberty.
>
> Fourteenth Amendment violated after the Franklin County Court of Common Please overruled my valid and lawful motions without serving me a final appealable order a default of the due process law.

(Compl. 5, ECF No. 1-2.) In terms of relief, Plaintiff seeks $500,000 in compensatory damages. Plaintiff also indicates that a lawsuit is currently pending in state court that deals with the same facts involved in this action. (*Id.* at 2.)

As a threshold matter, if, as Plaintiff appears to represent, there is an ongoing state-court criminal proceeding, state court is where Plaintiff must seek his remedy. This Court has no jurisdiction to intervene in the state-court appellate process and must abstain from involvement regarding the issues until all appeals have been exhausted. *See Younger v. Harris*, 401 U.S. 37 (1971).

Moreover, it is **RECOMMENDED** that the Court dismiss Plaintiff's false imprisonment

claims as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Here, Plaintiff's request for monetary relief based upon his alleged invalid sentence constitutes a collateral attack on his sentence. Thus, under *Heck*, Plaintiff cannot proceed with his § 1983 claims because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87. *See also Hurst v. Pribe*, No. 2:14-cv-2552, 2016 WL 1444241, at *3 (S.D. Ohio Apr. 13, 2016) (concluding that *Heck* governs parole revocation decisions, including decisions relating to the denial of jail-time credit).

If instead Plaintiff seeks to directly challenge the fact or duration of his confinement, his sole remedy in federal court is habeas corpus. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)). Thus, to pursue any such direct challenge to the duration of his incarceration, Plaintiff must file a petition for a writ of habeas corpus that complies with Rule 2(d) of the Rules Governing Habeas Corpus Cases Under Section 2254. The Undersigned also notes that Plaintiff has failed to allege that he has exhausted his state-court remedies, which is a prerequisite to obtaining habeas relief under § 2254. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State . . . ."). Finally, the Undersigned notes that challenges to the state-court's calculation of jail-time credit are generally not cognizable in federal habeas review. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("The interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction.").

Moreover, the Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Here, Defendant Franklin County Court of Common Pleas is part of Ohio's state-court system, which was created by Ohio's legislature and is subject to the supervision of the Ohio Supreme Court. Ohio Rev. Code § 2301.01(A); Ohio Const., Art. IV § 4(A). Thus, Defendant Franklin County Court of Common Pleas is an arm of the state for purposes of the Eleventh Amendment. *See Mumford v. Basinski*, 105 F.3d 264, 267–68 (6th Cir. 1997); *Davis v. Jackson Cnty. Mun. Court*, 941 F. Supp.2d 870, 878–79 (S.D. Ohio 2013). Thus, for this additional reason, the Court must dismiss Plaintiff's claims for compensatory damages against Defendant Franklin County Court of Common Pleas as barred by the Eleventh Amendment.

Defendants O'Brien and Swisher are also entitled to absolute immunity given that

Plaintiff's allegations reflect that they opposed Plaintiff's request for jail-time credit within the scope of their duties as prosecutors.  *See Huffer v. Bogen*, 503 F. App'x 455, 459–60 (6th Cir. 2012) ("Prosecutors enjoy absolute immunity from civil liability for actions performed within the scope of their prosecutorial duties." (citing *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012)).  For this additional reason, claims against Defendants O'Brien and Swisher must be dismissed.

Finally, the allegations set forth in Plaintiff's Complaint fail to survive the *Twombly* and *Iqbal* pleading standards.  More specifically, the Undersigned is unable to discern what specific actions a state actor took that could plausibly form the basis of a claim entitling Plaintiff to relief.  As set forth above, this Court "should not have to guess at the nature of the claim asserted." *Frengler*, 482 F. App'x at 976–77.  Because Plaintiff has failed to state any claim against Defendants, even when held to the less stringent standards applied to *pro se* complaints, dismissal under § 1915(e) is required.

## III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: May 20, 2016                                             /s/ *Elizabeth A. Preston Deavers*
                                                              ELIZABETH A. PRESTON DEAVERS
                                                              UNITED STATES MAGISTRATE JUDGE